UNITED STATES DISTRICT COURT　　　　　　SOUTHERN DISTRICT OF TEXAS

Joseph Johnson, Jr., §
　　Petitioner, §
§
v. § Civil Action H-19-0319
§
Lorie Davis, §
Director, Texas Department §
of Criminal Justice, Correctional §
Institutions Division, §
　　Respondent. §

## Memorandum and Recommendation

Joseph Johnson, Jr. filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for aggravated robbery with a deadly weapon. (D.E. 1.) The court recommends that the petition be dismissed with prejudice as time-barred.

*1. Background*

On November 29, 2011, Johnson pleaded guilty in the 184th District Court of Harris County, Texas, to aggravated robbery. (D.E. 11-9 at 5–11.) The district court sentenced him to 20 years confinement in the Texas Department of Criminal Justice. (D.E. 11-10 at 95–96.) Johnson did not appeal.

Johnson filed a state application for writ of habeas corpus on September 7, 2013. (D.E. 11-10 at 6–24.) On August 27, 2014, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court. (D.E. 11–1.) Johnson filed a second state application on May 18, 2015. (D.E. 11-12 at 24–41.) His second application was denied on October 21, 2015. (D.E. 11-20 at 31.) Johnson filed a third state application on April 30, 2018. (D.E. 11-20 at 5–30.) His third application was dismissed as a subsequent application on July 18, 2018. (D.E. 11-16.) Johnson filed this federal habeas corpus petition on January 16, 2019. (D.E. 1.)

*2. Statute of Limitations under 28 U.S.C. § 2244*

AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Johnson challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Johnson's conviction became final on December 29, 2011, when his time to file a direct appeal expired. *See* Tex R. App. P. 68.2(a); Tex. R. App. P. 4.1(a). Absent tolling, the limitations period expired one year later, on December 29, 2012.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. "[A] state habeas petition is 'pending' for purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009).

Johnson filed his first state habeas application on September 7, 2013. By that time, the limitation period had already expired. The state petitions

did not toll the one-year limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

No other AEDPA provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

Johnson argues that his case is extraordinary in that "he was not given the trial guaranteed by the U.S. Constitution," and therefore equitable tolling should apply. (D.E. 1 at 10.) A petitioner may be entitled to equitable tolling if he can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Extraordinary circumstances may be found in situations where a petitioner is actively misled or is prevented from asserting his right to file by some extraordinary factor beyond his control. *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000). The facts here do not indicate that Johnson was actively misled or prevented from asserting his right to timely file, and thus, do not establish the type of "rare and exceptional circumstances to justify equitable tolling." *Id.* at 175 (internal quotations omitted).

*3. Conclusion*

The court recommends that Davis's motion for summary judgment be granted and that Johnson's petition for writ of habeas corpus be dismissed with prejudice as time-barred.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 6, 2019.

_____
Peter Bray
United States Magistrate Judge