United States District Court
Southern District of Texas
**ENTERED**
March 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Joseph Johnson, Jr., §<br>　　Petitioner, §<br>　　　　　　　　　　§<br>v. 　　　　　　　　　§<br>　　　　　　　　　　§<br>Lorie Davis, 　　　　§<br>Director, Texas Department §<br>of Criminal Justice, Correctional §<br>Institutions Division, §<br>　　Respondent. §| Civil Action H-19-0319 |

# Memorandum and Recommendation

On September 6, 2019, the undersigned magistrate judge issued a memorandum and recommendation recommending that the court deny Joseph Johnson Jr.'s petition for writ of habeas corpus as time-barred. (D.E. 20.) Johnson timely filed objections. (D.E. 21.) On September 17, 2019, the court denied Johnson's objections and adopted the memorandum and recommendation. (D.E. 22.) The court issued a final judgment denying Johnson's petition with prejudice. (D.E. 23.) On January 31, 2020, the court received Johnson's motion under Rule 60(b)(6) for relief from the court's final judgment. (D.E. 27.)

Johnson's motion reiterates the arguments he made in his federal habeas petition. Johnson does not argue that the court was incorrect in finding that his petition is time-barred.

"When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019). "[T]o bring a proper Rule 60(b) claim, a movant must show a non-merits-based defect in the district court's earlier decision on the federal habeas petition."

*Edwards v. Davis (In re Edwards)*, 865 F.3d 197, 204 (5th Cir. 2017). A Rule 60(b) motion is instead treated as a successive habeas petition if it asserts or reasserts claims of error in the state's conviction. *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).

Because Johnson's motion attacks his state court judgment, not this court's determination that his petition was time-barred, it is a successive petition, not a Rule 60 motion. *Cf. Gonzalez*, 545 U.S. at 533 (concluding that because the petitioner's motion alleged that the federal court misapplied the statute of limitations, the motion could proceed as a Rule 60(b) motion). Before filing a successive habeas application in the district court, an applicant must seek authorization from the court of appeals. 28 U.S.C. § 2244(b)(3)(A). Johnson did not seek the Fifth Circuit's authorization. This court therefore lacks jurisdiction to consider Johnson's petition.

A district court may transfer a successive habeas petition to the circuit court if doing so would serve the interest of justice. 28 U.S.C. § 1631; *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Because Johnson's petition is barred by the statute of limitations, the court declines to transfer this petition.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 31, 2020.

_____
Peter Bray
United States Magistrate Judge